

# Trial Court Decision

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.                                    SUPERIOR COURT
                                                 CRIMINAL ACTION
                                                 NO. 00-04152

COMMONWEALTH

vs.

MARK SCANZILLO

**DECISION ON MOTION FOR A NEW TRIAL**

The defendant here seeks a new trial alleging that trial counsel was ineffective for failing to pursue so-called Bishop/Fuller motions which were filed pre-trial and for failing to present character evidence. I was the trial judge and fact-finder during a jury waived trial of this case conducted before me in the Fall of 2004.

For purposes of judicial economy in the handling of this motion, I have assumed, without deciding, that trial counsel would have succeeded in his efforts to obtain the mental health records sought in the aborted Bishop/Fuller proceedings. See Commonwealth v. Bourgeis, Mass. App. Ct. No. 05-P-1619 (decided March 13, 2007). Consequently, I approved the subpoena of and have now reviewed all the materials which present defense counsel contend trial counsel should have obtained and offered at trial in order to impeach the victim's credibility and enhance the defendant's credibility. These materials include assorted mental health records relating to the victim here, expert opinion regarding the victim's credibility premised on those records, and

1

character evidence in the form of letters and affidavits attesting to the defendant's good character. Nothing in these materials would have altered my credibility assessments made during the trial or changed the verdict here. Consequently, it cannot be said that the decisions made by trial counsel to abandon pursuit of this evidence "deprived the defendant of (a) ... substantial ground of defense." Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). The motion for a new trial is therefore **DENIED.**

Contrary to the defendant's assertions in his post-trial submissions, this case was not a "close balance" as regards credibility. I found the victim to be extremely credible. Moreover, her testimony was convincingly corroborated by the testimony of others who saw her in the aftermath of the crime. Those witnesses not only testified as to so-called "fresh complaint" evidence but they described, in effect, the victim's apparent emotional state. It was this testimony as to the victim's distress which proved the most convincing corroboration.

In addition, I did not find the defendant to be credible in the least. His demeanor while testifying colored my decision that his version of the events in question not only failed to suggest that a reasonable doubt exists as to the truth of the victim's version but instead contributed to my conclusion that his version was not believable. That assessment as to his credibility is not undercut by the character evidence offered here.

As the Commonwealth argues, much of the opinion of the defendant's expert, Larry Strasburger, M.D., would have been inadmissible at trial. In addition, many of the areas of inquiry for cross-examination proposed in the defendant's submission here would never have been allowed to be pursued. Similarly, much of the character evidence offered here would have been inadmissible under Massachusetts evidence

2

law. Finally, to the extent some have attested to the defendant's good moral character, that opinion is undermined, as the Commonwealth points out, by the fact that, if we are to believe the defendant, he had consensual sex with the victim while his wife slept upstairs.

Based on the submissions of the parties, the relevant case law and the arguments of counsel, the motion for a new trial is **DENIED**.

_____
Carol S. Ball
Associate Justice of the Superior Court

Dated: March 29, 2007