UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARK SCANZILLO, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 09-11220-DPW |
| JOHN J. O'BRIEN, Commissioner of Probation, et al. | ) ) ) ) | |
| Respondents. | ) ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF RESPONDENTS'
MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

Respondents John J. O'Brien and Harold W. Clarke respectfully submit this memorandum of law in support of their motion to dismiss the petition for a writ of habeas corpus filed by Petitioner Mark Scanzillo.[1]  The petition should be dismissed because petitioner has failed to exhaust his state court remedies.  Respondent has not briefed his remaining defenses because petitioner's failure to exhaust mandates dismissal of the entire petition.[2]  In the alternative, this Court may permit petitioner to proceed by deleting any unexhausted claims from the petition.

**Prior Proceedings**

On November 6, 2000, petitioner was indicted for three counts of indecent assault and battery on a person 14 or over and two counts of rape.  App. 4, 15.  Following a jury-waived trial

---

[1] Pursuant to this Court's service order dated July 20, 2009, respondents have filed an accompanying Appendix ("App."), containing documents from the underlying state court record relevant to the issue of exhaustion.  In accordance with Local Rule 5.4(G)(1)(e), the Appendix was filed on paper with the Clerk's Office and is available in hard copy only.  Moreover, the Appendix contains references to the rape victim's name, as well as confidential medical and psychiatric information concerning the victim.  Accordingly, respondents have moved for leave to file the Appendix under seal.

[2] Because it is clear from the documents contained in the accompanying Appendix that petitioner has failed to exhaust available state court remedies, respondent has not, in the interest of economy, addressed all of his affirmative defenses.  Should this Court rule that the petitioner has exhausted his state court remedies, the respondent respectfully requests an opportunity to file a supplemental memorandum to address additional affirmative defenses and/or the merits of the petition.

in Plymouth Superior Court, the court found petitioner guilty of two counts of rape and not guilty of the remaining charges. App. 6, 15. The trial court ordered a pre-sentence investigation and continued the case for disposition. App. 6. On January 26, 2005, the Superior Court sentenced petitioner to two to three years committed, followed by three years probation. App. 6-7. Petitioner appealed the convictions on three grounds:

> 1. "Whether a judge who presided at a jury-waived trial on charges of a forced sexual assault erred in denying a motion for a new trial based upon her personal subjective evaluation of the credibility of the complainant and the defendant at the time of the trial rather than upon an objective evaluation whether trial counsel's abandonment of the pursuit of exculpatory evidence to secure a trial before a particular judge deprived the defendant of the effective assistance of counsel?" App. 28.
>
> 2. "Whether the failure of trial counsel to pursue the discovery of psychiatric and medical records of the alleged victim and to present any character evidence of the defendant violated the defendant's federal and state constitutional rights where the evidence would have provided the basis for cross-examination and expert testimony to explain why the alleged victim would be motivated to falsely claim that she had been sexually assaulted and to support the defendant's account?" App. 28.
>
> 3. "Whether errors in the admission of excessive fresh complaint testimony and testimony in violation of the marital privilege and other errors at trial, in combination with the harm caused by the failure to pursue and present exculpatory evidence, warrants the allowance of a new trial?" App. 28.

The Massachusetts Appeals Court ("MAC") affirmed the convictions on May 1, 2008, in an unpublished decision, *Commonwealth v. Scanzillo*, 71 Mass. App. Ct. 1122, 2008 WL 1901420 (May 1, 2008) (table, text in Westlaw), App. 502-06. Petitioner submitted an application for leave to obtain further appellate review ("ALOFAR") to the Supreme Judicial Court ("SJC"), raising the following two points for review:

>1. Where trial counsel fails to investigate medical facts and records that could have been obtained through a well-supported *Bishop-Fuller* motion which he filed prior to trial and then abandoned before learning their content, and where these facts and records would have been available to support the only defense presented in the case (complainant's lack of credibility), is the failure to pursue such investigation a "tactical decision" that is allowed great deference and thus reviewable only on the question of whether is [sic] was "manifestly unreasonable?"
>
>2. When a motion for new trial on the grounds of ineffective assistance of counsel is filed following a jury-waived trial, is there a subjective standard of review whereby the trial judge decides whether newly discovered evidence changed her mind on the ultimate question of guilt, or is there an objective standard whereby the judge must decide whether "better work *might have* accomplished something material for the defense," or whether consideration of the unused evidence obtained objectively demonstrated "a reasonable probability that the result would have been different?"

App. 531-32. In the body of the ALOFAR, under the second point, petitioner argued, *inter alia*, that:

>[The second point] also surely needs clarification, lest the subjectivity it seems to bless scares attorneys from considering jury-waived trials, and, at a minimum, would require significant addition to jury-waiver colloquy [sic] presently used by trial judges. Ironically, the Appeals Court seeks to justify its receptivity to a subjective standard by noting that Scanzillo executed a "knowing waiver . . . and agreed to the judge acting as fact finder." . . . Yet Scanzillo was never told that such a waiver would allow [the judge] to so subjectively decided the effect of newly-discovered evidence.

App. 539-40.

The SJC denied further appellate review on July 23, 2008. *Commonwealth v. Scanzillo*, 452 Mass. 1102 (2008) (table), App. 559. The instant petition ("Pet.") followed on July 17, 2009.

The petition sets forth three grounds for review:

>Ground One: "Ineffective assistance of counsel, in violation of the Sixth Amendment right to effective counsel under Strickland v.

>  Washington," based on trial counsel's failure to pursue medical and psychological records of victim and failure to present evidence of petitioner's good character, *see* Pet. at 6;

Ground Two: "The trial court refused to follow the test set out in Strickland, supra, in considering the failure of my trial lawyer to obtain and present medical, psychiatric and character evidence, using her personal opinion instead of Strickland's standard," *see* Pet. at 8;

Ground Three: "Denial of 5th Amendment due process right to have been given adequate notice of the full loss of rights involved in a waiver of my Sixth Amendment right to a trial by jury and said denial means that I did not knowingly, intelligently, and voluntarily waive my right to trial by jury; and inadequate waiver of said right to trial by a jury," *see* Pet. at 9.

## Argument

### THE PETITION SHOULD BE DISMISSED BECAUSE PETITIONER FAILED TO EXHAUST HIS STATE COURT REMEDIES

**A.  Petitioner Was Required to Exhaust His State Court Remedies Before Seeking Habeas Relief.**

It is well settled that "a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." *Adelson v. DiPaola*, 131 F.3d 259, 261 (1st Cir. 1997) (citing *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)); *see also Picard v. Connor*, 404 U.S. 270, 276 (1971).  The exhaustion requirement is codified at 28 U.S.C. § 2254, which provides in relevant part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or

4

>    (B)(i) there is an absence of available State corrective process;  or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>    [. . . ]
>
>    (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254, *as amended by* the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), P.L. No. 104-132, Title I, § 104, 110 Stat. 1218 (effective April 24, 1996).  This requirement provides state courts with the first opportunity to pass upon their alleged federal constitutional errors and accords appropriate respect to the sovereignty of the states, which in turn "minimize[s] friction between our federal and state systems of justice."  *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *see also Rose*, 455 U.S. at 518 (reiterating importance of exhaustion doctrine); *Mele v. Fitchburg District Court*, 850 F.2d 817, 819 (1st Cir. 1988) (same).

"A claim for habeas relief has been exhausted where the claim has been 'fairly presented' to the state courts."  *Josselyn v. Dennehy*, 475 F.3d 1, 3 (1st Cir. 2007) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).  To satisfy the requirement of "fair presentation," a petitioner "must show that he tendered his federal claim 'in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'"  *Clements v. Maloney*, 485 F.3d 158, 162 (1st Cir. 2007) (quoting *Casella v. Clemons*, 207 F.3d 18, 20 (1st Cir. 2000)).  The requirement applies to the predicate facts and the federal legal theories underlying each claim.  *See Jackson v. Coalter*, 337 F.3d 74, 86 (1st Cir.2003) (petitioner must have "presented both the factual and legal underpinnings of his claim to the state courts") (quoting *Nadworny v. Fair*, 872 F.2d 1093, 1096 (1st Cir.1989)).

"Where, as here, a state's highest court offers discretionary review, a petitioner must present that court with the opportunity to review the federal claim to have exhausted state remedies." *Josselyn*, 475 F.3d at 3 (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) (to exhaust a claim, a petitioner must present the substance of the claim to the state's highest tribunal). However, raising a claim for the first and only time in an application for discretionary review, such as an ALOFAR, pursuant to Mass. R. App. P. 27.1, is insufficient to exhaust a claim. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that submitting a new claim to a state's highest court on discretionary review does not constitute "fair presentation" for exhaustion purposes).

In general, "mixed" petitions—that is, petitions containing both exhausted and unexhausted claims—must be dismissed. *Rose*, 455 U.S. at 522; *Adelson*, 131 F.3d at 261-62; *Martens v. Shannon*, 836 F.2d 715, 717-18 (1st Cir. 1988). Under AEDPA, a court confronted with unexhausted claims may, in its discretion, either dismiss the entire petition as unexhausted or deny (but not grant) the petition on the merits. 28 U.S.C. § 2254(b)(1)-(2). If dismissal of the petition "would unreasonably impair the petitioner's right to obtain federal relief," for example, where the statute of limitations would bar the petitioner from re-filing the petition after exhausting his state remedies, the Court may give the petitioner the option of deleting the unexhausted claims and proceeding with the exhausted claims. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Only in "limited circumstances" is it appropriate for a federal district court to stay—rather than dismiss—a mixed petition, *i.e.*, where "there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly

meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 277-78; *see also Clements*, 485 F.3d at 169 (same).

### B. Ground Three is Unexhausted Because it Was Presented for the First and Only Time, if at All, in State Court in an Application for Discretionary Review.

In Ground Three, petitioner claims that he did not knowingly, intelligently, and voluntarily waive his right to trial by jury because he was not informed that the trial judge would use a subjective standard when assessing prejudice under *Strickland*. *See* Pet. at 9. This claim was absent from petitioner's brief to the Massachusetts Appeals Court. *See* App. 56-77. Petitioner did mention the waiver-of-rights colloquy in his ALOFAR, but only in passing as part of his argument that the court applied an inappropriately subjective standard for assessing prejudice under *Strickland*. *See* App. 539-40. Thus, regardless of whether this claim was fairly presented in the ALOFAR (it was not), Ground Three is unexhausted because it was presented for the first and only time—if at all—in state court in a petition for discretionary review. *See Castille*, 489 U.S. at 351 (holding that submitting a new claim to a state's highest court on discretionary review does not constitute "fair presentation" for exhaustion purposes).

### Conclusion

For the foregoing reasons, Respondents John J. O'Brien and Harold W. Clarke respectfully request that the Court dismiss the petition for a writ of habeas corpus filed by Petitioner Mark Scanzillo, or in the alternative, that the Court permit petitioner to proceed only by deleting any unexhausted claims from the petition.

        Respectfully submitted,

        MARTHA COAKLEY
        ATTORNEY GENERAL

        __/s/ Jessica V. Barnett_____
        Jessica V. Barnett (# 650535)
        Assistant Attorney General
        Criminal Bureau
        One Ashburton Place
        Boston, Massachusetts  02108
        (617) 727-2200, ext. 2842

Dated:  September 8, 2009

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 8, 2009.

        __/s/ Jessica V. Barnett_____
        Jessica V. Barnett
        Assistant Attorney General