UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK SCANZILLO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 09-11220-DPW |
| ) | |
| JOHN J. O'BRIEN, Commissioner of ) | |
| Probation, et al. ) | |
| ) | |
| Respondents. ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, Respondents John J. O'Brien and Harold W. Clarke hereby answer the petition for writ of habeas corpus of Petitioner Mark Scanzillo.

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. (a)-(e) Admitted. Further answering, the citation to the unpublished opinion of the Massachusetts Appeals Court ("MAC") is as follows: *Commonwealth v. Scanzillo*, 71 Mass. App. Ct. 1122, 2008 WL 1901420 (May 1, 2008) (table, text in Westlaw).

(f)  With respect to the grounds raised in petitioner's briefs to the MAC, respondents state that the briefs are contained in respondents' Appendix, dated September 8, 2009, which is incorporated herein, and the documents speak for themselves.

(g)(1)-(5)  Admitted.  Further answering, the citation to the decision of the Supreme Judicial Court, denying further appellate review, is as follows:  *Commonwealth v. Scanzillo*, 452 Mass. 1102 (2008) (table).

(6)  With respect to the grounds raised in petitioner's Application for Leave to Obtain Further Appellate Review to the SJC, respondents state that the document is contained in respondents' Appendix, dated September 8, 2009, which is incorporated herein, and the document speaks for itself.

(h)  Admitted.

10.  Admitted.

11.  (a)(1)-(4)  Admitted.

(5)  With respect to the grounds raised in petitioner's motion for new trial filed June 8, 2005, respondents state that the document is contained in respondents' Appendix, dated September 8, 2009, which is incorporated herein, and the document speaks for itself.

(6)-(8)  Admitted.

(b)-(c)  Left blank by petitioner.

(d)  Admitted.

(e)  Left blank by petitioner.

12.  GROUND ONE:  Respondents admit that the grounds set forth in this paragraph of the petition are the grounds on which petitioner seeks relief.  Respondents state that this paragraph of the petition contains legal argument and conclusions to which no response is

required.  To the extent a response is required, respondents deny the allegations of this paragraph insofar as they are inconsistent with the factual determinations made by the Massachusetts state courts.

    (a)  Respondents state that this paragraph of the petition contains legal argument and conclusions to which no response is required.  To the extent a response is required, respondents deny the allegations of this paragraph insofar as they are inconsistent with the factual determinations made by the Massachusetts state courts.

    (b)  Left blank by petitioner.

    (c)  With respect to the grounds raised in by petitioner in his appeal to the MAC, respondents state that petitioner's briefs are contained in respondents' Appendix, dated September 8, 2009, which is incorporated herein, and the documents speak for themselves.

    (d)(1)-(4)  Admitted.

    (5)  With respect to the grounds raised in by petitioner in his appeal to the MAC, respondents state that petitioner's briefs are contained in respondents' Appendix, dated September 8, 2009, which is incorporated herein, and the documents speak for themselves.

    (6)  Admitted.

    (7)  Left blank by petitioner.

    (e)  Respondent admits that petitioner sought leave to obtain further appellate review from the SJC, Docket No. FAR-17038, which was denied on July 23, 2008.  With respect to the grounds raised in petitioner's Application for Leave to Obtain Further Appellate Review to the SJC, respondents state that the document is contained in respondents' Appendix, dated September 8, 2009, which is incorporated herein, and the document speaks for itself.

13.     GROUND TWO:  Respondents admit that the grounds set forth in this paragraph of the petition are the grounds on which petitioner seeks relief.  Respondents state that this paragraph of the petition contains legal argument and conclusions to which no response is required.  To the extent a response is required, respondents deny the allegations of this paragraph insofar as they are inconsistent with the factual determinations made by the Massachusetts state courts.

(a)  Respondents state that this paragraph of the petition contains legal argument and conclusions to which no response is required.  To the extent a response is required, respondents deny the allegations of this paragraph insofar as they are inconsistent with the factual determinations made by the Massachusetts state courts.

(b)  Left blank by petitioner.

(c)  With respect to the grounds raised in by petitioner in his appeal to the MAC, respondents state that petitioner's briefs are contained in respondents' Appendix, dated September 8, 2009, which is incorporated herein, and the documents speak for themselves.

(d)(1)-(4)  Admitted.

(5)  With respect to the grounds raised in by petitioner in his appeal to the MAC, respondents state that petitioner's briefs are contained in respondents' Appendix, dated September 8, 2009, which is incorporated herein, and the documents speak for themselves.

(6)  Admitted.

(7)  Left blank by petitioner.

(e)  Respondent admits that petitioner sought leave to obtain further appellate review from the SJC, Docket No. FAR-17038, which was denied on July 23, 2008.  With respect to the grounds raised in petitioner's Application for Leave to Obtain Further Appellate

4

Review to the SJC, respondents state that the document is contained in respondents' Appendix, dated September 8, 2009, which is incorporated herein, and the document speaks for itself.

   GROUND THREE:  N/A – Ground Three was deleted from the petition by Order of this Court dated July 12, 2010.

   GROUND FOUR:  Left blank by petitioner.

  14. Respondents state that this paragraph of the petition contains a legal conclusion to which no response is required.

  15. Respondents are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the petition.

  16. Respondents are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the petition.

  17. Respondents are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the petition.

  18. Respondents are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the petition.

  19. Admitted.

AS A FURTHER ANSWER to the petition for writ of habeas corpus, respondents incorporate herein respondents' Appendix dated September 8, 2009, which contains copies of the following documents:

PAGE

Massachusetts Superior Court Docket, *Commonwealth v. Scanzillo*,
Docket No. PLCR2002-04152............................................................App. 1

Massachusetts Appeals Court Docket, *Commonwealth v. Scanzillo*,
Docket No. 2005-P-1625 ..................................................................App. 16

Massachusetts Appeals Court Docket, *Commonwealth v. Scanzillo*,
Docket No. 2007-P-0861 ..................................................................App. 19

Massachusetts Supreme Judicial Court Docket, *Commonwealth
v. Scanzillo*, Docket No. FAR-17038................................................App. 20

Brief for the Appellant, Massachusetts Appeals Court, *Commonwealth
 v. Scanzillo*, Docket No. 2005-P-1625.............................................App. 21

Appendix, Volume I, for the Appellant, Massachusetts Appeals
Court, *Commonwealth v. Scanzillo*, Docket No. 2005-P-1625.........App. 85

Appendix, Volume II, for the Appellant, Massachusetts Appeals
Court, *Commonwealth v. Scanzillo*, Docket No. 2005-P-1625.......App. 195

Brief and Appendix for the Commonwealth, Massachusetts Appeals
Court, *Commonwealth v. Scanzillo*, Docket No. 2005-P-1625.......App. 333

Reply Brief for the Appellant, Massachusetts Appeals Court,
*Commonwealth v. Scanzillo*, Docket No. 2005-P-1625..................App. 483

*Commonwealth v. Scanzillo*,
71 Mass. App. Ct. 1122, 2008 WL 1901420 (May 1, 2008)
(table, text in Westlaw)..................................................................App. 502

Defendant/Appellant's Application for Further Appellate Review,
*Commonwealth v. Scanzillo*, Docket No. FAR-17038 ....................App. 507

*Commonwealth v. Scanzillo,* 452 Mass. 1102 (2008) (table) .........App. 559

Respondents also incorporate herein the following trial transcripts, filed manually with the Court, in redacted form,[1] on September 10, 2010:

1. Trial Transcript, Volume I, *Commonwealth v. Scanzillo*, Plymouth Superior Court No. 104152-56, September 20, 2004;

2. Trial Transcript, Volume IV, *Commonwealth v. Scanzillo*, Plymouth Superior Court No. 104152-56, October 7, 2004;

3. Trial Transcript, Volume V, *Commonwealth v. Scanzillo*, Plymouth Superior Court No. 104152-56, October 8, 2004.

The following transcripts, which also relate to the state-court convictions at issue, are available at the Court's request:

1. Transcript of Hearing, *Commonwealth v. Scanzillo*, Plymouth Superior Court No. 00-04152, July 27, 2004;

2. Trial Transcript, Volume II, *Commonwealth v. Scanzillo*, Plymouth Superior Court No. 104152-56, September 21, 2004;

3. Trial Transcript, Volume III, *Commonwealth v. Scanzillo*, Plymouth Superior Court No. 104152-56, September 23, 2004;

4. Transcript of Court's Findings on Rape of a Child Trial Without a Jury, *Commonwealth v. Scanzillo*, Plymouth Superior Court No. PLCR2002-04152, October 12, 2004;

5. Transcript of Sentencing, *Commonwealth v. Scanzillo*, Plymouth Superior Court No. 104152-56, January 26, 2005;

6. Transcript of Hearing, *Commonwealth v. Scanzillo*, Plymouth Superior Court No. 00-04152, March 16, 2007.

---

[1] The transcripts have been redacted to obscure the victim's name and any information that might identify the victim.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The petition should be dismissed because petitioner failed to exhaust available state court remedies with respect to one or more of the legal grounds presented in the petition.

### Second Affirmative Defense

The petition should be denied because it fails to state a claim upon which relief can be granted.

### Third Affirmative Defense

The petition should be denied because it raises questions of state law that do not allege a violation of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

### Fourth Affirmative Defense

The petition should be denied because the state court's decision as to one or more of the grounds raised in the petition rested on independent and adequate state-law grounds.

### Fifth Affirmative Defense

The petition should be denied because the decision of the state court was not contrary to, nor did it involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1).

### Sixth Affirmative Defense

The petition should be denied because the decision of the state court was not based on an unreasonable determination of the facts in light of the evidence presented in state court proceedings, and the petitioner cannot rebut the presumption of correctness of those facts by clear and convincing evidence. *See* 28 U.S.C. §§ 2254(d)(2), (e)(1).

Respondent respectfully reserves the right to amend or supplement this Answer in the future should the need arise.

Respectfully submitted,

MARTHA COAKLEY
ATTORNEY GENERAL

  /s/ Jessica V. Barnett  
Jessica V. Barnett (# 650535)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts  02108
(617) 727-2200, ext. 2842
jessica.barnett@state.ma.us

Dated:  September 10, 2010

# CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 10, 2010.

  /s/ Jessica V. Barnett  
Jessica V. Barnett
Assistant Attorney General